## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDLY CAIDOR, | ) |
| | ) CIVIL ACTION NO.: |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| AMAZON.COM SERVICES LLC, | ) |
| | ) *ELECTRONICALLY FILED* |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Fredly Caidor, a resident of York County, Pennsylvania, by and through his attorneys, brings this civil action for damages against the above-named Defendant, Amazon.com Services LLC, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981"), and 28 U.S.C. §§ 1331 and 1343, as well as pendent state law claims arising under the provisions of the laws of the Commonwealth of Pennsylvania, to wit, the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

2.      The PHRA provides for a private right of action, and this Court has supplemental jurisdiction over Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## THE PARTIES

4.      Plaintiff, Fredly Caidor ("Mr. Caidor" or "Plaintiff"), is an adult male individual residing at 3041 Lark Drive, York, York County, Pennsylvania 17404.

5.      Mr. Caidor's is of Haitian national origin.

6.      Mr. Caidor's race is African American and skin color is Black.

7.      Defendant, Amazon.com Services LLC ("Amazon"), is a Delaware limited liability company that maintains its headquarters in Seattle, Washington.

8.      At all times relevant and material to this Complaint, Amazon maintained a Fulfillment Center located at 5125 Commerce Drive, York, York County, Pennsylvania.

## ADMINISTRATIVE PROCEEDINGS

9.      On or about March 31, 2024, Mr. Caidor filed a verified Complaint with the Equal Employment Opportunity Commission ("EEOC") as docket No. 530-

2024-01089, and which was dual-filed with the Pennsylvania Human Relations Commission.

10. Mr. Caidor has been advised by the EEOC of his right to sue in federal court, which notice was issued on March 30, 2026.

11. All necessary and appropriate administrative prerequisites to this action have been met.

## STATEMENT OF FACTS

12. In or around August 2023, Mr. Caidor was hired by Amazon as a Tier One Warehouse Associate at its Fulfillment Center in York, Pennsylvania.

13. Mr. Caidor always performed his job in a satisfactory manner.

14. Shortly after beginning his employment with Amazon, Mr. Caidor began to experience incidents of discrimination based on his race, color and national origin.

15. Mr. Caidor was called derogatory names and subjected to racially discriminatory remarks by coworkers. For example, coworkers would refer to Mr. Caidor as "Moreno" or "El Moreno," which is a term frequently used for racial profiling at the border of the Dominican Republic, "Brown skin," "Blackie," and "Monkey." In one specific instance, a co-worker called Mr. Caidor a monkey, said he looked like he belonged in a zoo, beat her chest and made monkey sounds towards Mr. Caidor in front of another coworker.

3

16.    Mr. Caidor made multiple good faith reports of discrimination to Amazon, including a report to his manager, Nate Stock, on or about September 20, 2023, EthicsPoint complaints in late 2023, and email complaints to Human Resources.

17.    Following Mr. Caidor's report of discrimination to his manager, he was met with hostility and was informed that there was nothing that could be done to address the situation.

18.    As a result, Mr. Caidor was temporarily transferred to a different department to avoid further harassment.

19.    While this temporary move provided some relief from the discriminatory treatment, Mr. Caidor did not feel supported, and Amazon directed Mr. Caidor to the internal ethics group, which also failed to address the discrimination.

20.    Subsequently after being moved to another department, Mr. Caidor began to face harassment from Amazon regarding negative time, which accrued only because Mr. Caidor had to clock out and go home at times to escape the racially hostile work environment.

21.    Mr. Caidor formally requested a night shift schedule change specifically to avoid further retaliation from the coworkers who were harassing him.

22.    However, Mr. Caidor was repeatedly moved back to the department where he had requested to be moved away from due to discriminatory treatment.

23.    Amazon repeatedly placed Mr. Caidor back in the water spider knowing about the harassment, and knowing that his attendance balance decreased each time he was placed back in that department.

24.    On or about December 21, 2023, Mr. Caidor was discharged under the pretext of negative time.

25.    Defendant Amazon violated Title VII and the PHRA by discriminating against Mr. Caidor on the basis of his race, color, and national origin, and by retaliating against Mr. Caidor by terminating him subsequent to his making good faith complaints of harassment based upon his race, color, and national origin.

26.    Defendant Amazon violated Section 1981 by discriminating against Mr. Caidor on the basis of his race and color.

## COUNT I

### TITLE VII VIOLATIONS
### NATIONAL ORIGIN DISCRIMINATION

27.    All prior paragraphs are incorporated herein as if set forth fully below.

28.    At all relevant times hereto, Mr. Caidor was an "employee" within the meaning of Title VII, and Amazon was an "employer" within the meaning of Title VII.

29.    Amazon violated Title VII by discriminating against Mr. Caidor on the basis of his national origin, resulting in his termination.

30.    As a consequence of Amazon discriminatory actions, Mr. Caidor was subjected to emotional distress, humiliation, ridicule, and a negative effect on his work product and ability to fully and effectively perform his job duties and responsibilities, all of which manifested itself in mental and physical distress, injury, and damage.

31.    As a result of Amazon discriminatory actions, Mr. Caidor has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and he has been subjected to great damage to his career and professional standing.

32.    The actions of Amazon set forth above constitute violations of Mr. Caidor' federal civil rights under Title VII.

**WHEREFORE**, Plaintiff, Fredly Caidor, seeks damages against Defendant, Amazon.com Services LLC, as set forth in the *Ad Damnum* clause of the instant Complaint, infra.

## <u>COUNT II</u>

### **TITLE VII VIOLATIONS**
### **RACE AND COLOR DISCRIMINATION**

33.    All prior paragraphs are incorporated herein as if set forth fully below.

34.     At all relevant times hereto, Mr. Caidor was an "employee" within the meaning of Title VII, and Amazon was an "employer" within the meaning of Title VII.

35.     Amazon violated Title VII by discriminating against Mr. Caidor on the basis of his race and color, resulting in his termination.

36.     As a consequence of Amazon discriminatory actions, Mr. Caidor was subjected to emotional distress, humiliation, ridicule, and a negative effect on his work product and ability to fully and effectively perform his job duties and responsibilities, all of which manifested itself in mental and physical distress, injury, and damage.

37.     As a result of Amazon discriminatory actions, Mr. Caidor has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and he has been subjected to great damage to his career and professional standing.

38.     The actions of Amazon set forth above constitute violations of Mr. Caidor' federal civil rights under Title VII.

**WHEREFORE**, Plaintiff, Fredly Caidor, seeks damages against Defendant, Amazon.com Services LLC, as set forth in the *Ad Damnum* clause of the instant Complaint, infra.

## COUNT III

### TITLE VII VIOLATIONS
### RETALIATION

39.    All prior paragraphs are incorporated herein as if set forth fully below.

40.    At all relevant times hereto, Mr. Caidor was an "employee" within the meaning of Title VII, and Amazon was an "employer" within the meaning of Title VII.

41.    Amazon violated Title VII by retaliating against Mr. Caidor and terminating his employment following his good faith reports of harassment based upon his race, color, and national origin.

42.    As a consequence of Amazon retaliatory actions, Mr. Caidor was subjected to emotional distress, humiliation, ridicule, and a negative effect on his work product and ability to fully and effectively perform his job duties and responsibilities, all of which manifested itself in mental and physical distress, injury, and damage.

43.    As a result of Amazon retaliatory actions, Mr. Caidor has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and he has been subjected to great damage to his career and professional standing.

44.    The actions of Amazon set forth above constitute violations of Mr. Caidor' federal civil rights under Title VII.

**WHEREFORE**, Plaintiff, Fredly Caidor, seeks damages against Defendant, Amazon.com Services LLC, as set forth in the *Ad Damnum* clause of the instant Complaint, infra.

## COUNT IV

### 42 U.S.C. § 1981 VIOLATION
### RACE DISCRIMINATION

45.    All prior paragraphs are incorporated herein as if set forth fully below.

46.    At all times relevant herein, Mr. Caidor maintained or sought to maintain a contractual relationship with Amazon (i.e., an employment relationship).

47.    At all times relevant herein, Amazon acted by and through its agents, servants, and employees, to intentionally discriminate against Mr. Caidor on the basis of his African American race and thereby deny him the benefits of the contractual relationship he had entered into with Amazon.

48.    As a consequence of Amazon discriminatory actions and failures to act, Mr. Caidor was subjected to emotional distress, humiliation, ridicule, and a negative effect on his work product and ability to fully and effectively perform his job duties and responsibilities, all of which manifested itself in mental and physical distress, injury, and damage.

49.    As a result of Amazon discriminatory actions, Mr. Caidor has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and he has been subjected to great damage to his career and professional standing.

50.    The actions of Amazon set forth above constitute violations of Mr. Caidor' federal civil rights under Section 1981.

**WHEREFORE**, Plaintiff, Fredly Caidor, seeks damages against Defendant, Amazon.com Services LLC, as set forth in the *Ad Damnum* clause of the instant Complaint, infra.

## COUNT V

## PHRA VIOLATIONS

51.    All prior paragraphs are incorporated herein as if set forth fully below.

52.    This is an action arising under the provisions of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the cause of action complained of in this Count V arises out of the same facts, events, and circumstances as Counts I, II and III, and therefore judicial economy and fairness to the parties dictates that this Count V be brought in the same Complaint.

53.    As previously stated in Counts I, II and III, Amazon discriminated against Mr. Caidor by subjecting him to disparate treatment due to his race, color and national origin, in violation of the PHRA.

**WHEREFORE**, Plaintiff, Fredly Caidor, seeks damages against Defendant, Amazon.com Services LLC, as set forth in the *Ad Damnum* clause of the instant Complaint, infra.

### *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Fredly Caidor, prays that the Court enter judgment in his favor and against the Defendant, Amazon.com Services LLC, and that the Court enter an Order as follows:

a. Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff on the basis of his gender, race, color and/or any basis prohibited under applicable federal law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating and/or retaliating against employees based on their gender, race and/or color and is to be ordered to promulgate an effective policy against such discrimination and retaliation and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendant until the date of verdict;

11

d.   Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to him by Defendant's actions;

e.   Plaintiff is to be awarded punitive damages pursuant to Title VII and Section 1981;

f.   Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g.   Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable state and federal law;

h.   Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

i.   Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage – or cease engaging – in illegal retaliation against Plaintiff or other witnesses to this action; and

j.   The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## **DEMAND FOR JURY**

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

Date: <u>May 6, 2026</u>

*/s/ Larry A. Weisberg*
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

*/s/ Derrek W. Cummings*
Derrek W. Cummings (PA Bar: #83286)
dcummings@weisbergcummings.com

*/s/ Stephen T. Mahan*
Stephen T. Mahan, Jr. (PA Bar: #313550)
smahan@weisbergcummings.com

*/s/ Michael J. Bradley*
Michael J. Bradley, Jr. (PA Bar: #329880)
mbradley@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (FAX)

*Counsel for Plaintiff*